**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4758**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JUAN ANTONIO ACEVEDO-HERRERA, a/k/a Luis Rivera,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:11-cr-00062-H-1)

Submitted:  March 28, 2013        Decided:  April 1, 2013

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Antonio Acevedo-Herrera pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to seventy months' imprisonment. He appeals, challenging his sentence, alleging that the district court erred in denying his request for a downward variance and contending the sentence is substantively unreasonable. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors, or failed to adequately explain its chosen sentence. Id. To avoid procedural error, the district court must make an "individualized assessment," wherein it applies the relevant § 3553(a) factors to the facts of the case before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court also should address any nonfrivolous arguments for an out-of-Guidelines sentence and explain why it rejected those arguments. Id. If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances.

2

Gall, 552 U.S. at 51.  If the sentence is within the Guidelines range, this court applies a presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We find that Acevedo-Herrera's sentence is both procedurally and substantively reasonable.  The district court responded to defense counsel's arguments for a below-Guidelines sentence meaningfully and with specificity, and explained its chosen sentence.  Furthermore, Acevedo-Herrera presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED